UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL FORD,

        Plaintiff,

                                            Case No. 13-CV-14478

vs.                                HON. GEORGE CARAM STEEH
                                            MAG. JUDGE PATRICIA T. MORRIS

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

ORDER ACCEPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [DOC. 15]

This matter is before the court on plaintiff Michael Ford's motion to remand pursuant to 42 U.S.C. § 405(g), and defendant's motion for summary judgment as to plaintiff's claim for judicial review of defendant Commissioner of Social Security's decision that he is not entitled to social security disability and supplemental security income benefits. On January 27, 2015, Magistrate Judge Morris issued a report and recommendation recommending that plaintiff's motion for remand be denied and that defendant's motion for summary judgment be granted. The court has reviewed the file, record, and magistrate judge's report and recommendation. Plaintiff has filed objections to that report (Doc. 16) which this court has considered.

In his objections, plaintiff complains that the administrative law judge ("ALJ") (1) failed to consider the non-union of his fractured right ankle at his step two analysis, (2) failed to consider that same condition at his step three analysis, and (3) failed to accurately portray his residual functional capacity ("RFC") because that determination

-1-

failed to consider his need to elevate his leg and use a cane.  For the reasons set forth below, this court shall overrule plaintiff's objections and accept and adopt the magistrate judge's report.

The facts of this case are set forth in the magistrate judge's report and recommendation and upon review of the record, the court accepts the recitation of the facts set forth there as the factual findings of this court.

### STANDARD OF LAW

"A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id.*  A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C.  § 405(g).  Findings of fact by the Commissioner are conclusive if supported by substantial evidence.  *Id.*  The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole."  *Studaway v. Sec'y of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted) (explaining that if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter

differently and even if substantial evidence also supports the opposite conclusion"); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986) (en banc) (noting that the substantial evidence standard "presupposes ... a zone of choice within which the decisionmakers can go either way, without interference by the courts" (internal quotation marks and citation omitted)).

## ANALYSIS

1. <u>Whether the ALJ erred by failing to consider plaintiff's fractured ankle at step two</u>

Plaintiff argues that the ALJ failed to consider at step two that the fracture of his ankle had not healed. The ALJ found, however, that plaintiff suffered a severe impairment at step two based on his findings of plaintiff's conditions of "cellulitis in the right ankle, major depressive disorder, personality disorder [,], and polysubstance dependence." Because the ALJ found some of plaintiff's conditions qualified as severe impairments at step two, plaintiff "cleared" step two; thus, the ALJ's failure to find that other conditions also qualified him is "legally irrelevent," and does not constitute reversible error. *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008).

2. <u>Whether the ALJ erred by failing to consider plaintiff's fractured ankle at step three</u>

Plaintiff argues that the ALJ erred by not considering his unhealed fracture at step three which he claims amounted to an impairment under Listing 1.02. An ALJ is not required to consider every Listing or to consider Listings that the claimant "clearly does not meet." *Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x 639, 641 (6th Cir. 2013). In addition, where the ALJ discusses the step three analysis in other sections of her decision, the court may overlook the omission at step three as harmless error. *White v.*

*Colvin*, No. 4:12-cv-11600, 2013 WL 5212629, *7 (E.D. Mich. Sept. 16, 2013). In this case, plaintiff failed to demonstrate that his ankle fracture amounted to a listed impairment under 1.02. The ALJ determined at step four that plaintiff was able to ambulate using a cane and did not meet the durational requirement under 20 C.F.R. § 404.1509 as he did not show that the condition had lasted or was expected to last for a continuous period of at least 12 months. The ALJ's determination was supported by the medical evidence of record including evidence that plaintiff was walking unassisted as of January, 2012, and that since he had hardware removal surgery in November, 2011, he had only subjective complaints of pain. Because plaintiff does not meet the durational or inability to ambulate effectively requirements of Listing 1.02, substantial evidence supports the ALJ's determinations at step three.

3.  Whether the RFC was supported by substantial evidence

Finally, plaintiff argues that the RFC determination was erroneous because it failed to account for the fact that he needed to elevate his leg and use a cane. Plaintiff argues that this limitation should have been considered based on his self-reporting and need not be authored by a medical source. "It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) (per curiam). The ALJ considered plaintiff's testimony regarding his claim of elevating his leg thirty to forty minutes at a time for eight to twelve hours a day, but found that plaintiff's claims as to the intensity, persistence and limiting effects of his symptoms was not credible to the extent that they conflicted with his RFC assessment, which limited his condition to "sedentary." The

magistrate judge found that nothing in the medical record supported plaintiff's claim that he needed to keep his leg elevated. In his objections, plaintiff does not rely on any medical record evidence, but argues that the RFC assessment should have included this limitation based on his testimony. The ALJ ruled that plaintiff's testimony as to the severity of his symptoms was not credible. This court does not decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2008); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant"). As to plaintiff's claim the RFC should have noted that plaintiff needed to use a cane, it is unclear that such a limitation was not already accounted for in the determination that plaintiff was limited to "sedentary" work. Moreover, the evidence of record indicated that plaintiff was only prescribed a cane for short-term recovery following his surgery, and nothing in the record showed that plaintiff continued to require a cane beyond that recovery period. Accordingly, based on the lack of medical evidence supporting plaintiff's claim that he needed to elevate his leg or use a cane and the ALJ's determination that plaintiff's claims as to the severity of his limitations was not credible, this court cannot find that the ALJ's determination as to his RFC was erroneous.

## CONCLUSION

IT IS ORDERED that the court ACCEPTS and ADOPTS the magistrate judge's report and recommendation (Doc. 15).

IT IS FURTHER ORDERED that the Commissioner's motion for summary judgment (Doc. 13) is GRANTED, plaintiff's motion for remand (Doc. 9) is DENIED,

plaintiff's objections (Doc. 16) are OVERRULED, and plaintiff's claim is DISMISSED with prejudice.

Dated: March 11, 2015

s/George Caram Steeh<br>GEORGE CARAM STEEH<br>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 11, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk